JON G. BROOKS, ESQ.  SBN: 217930
LAW OFFICES OF JON G. BROOKS
1900 The Alameda, Suite 520
San Jose, CA  95126
(408) 286-2766

Proposed Attorney for Debtor and Debtor-in-Possession,
CSS Fabrication, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: | BANKRUPTCY NO. 15-50795 MEH |
| | CHAPTER 11 |
| CSS FABRICATION, INC., | |
| (a California corporation), | Date:  March __, 2015 |
| | Time: |
| Debtor | Room:  3070 |

**MOTION FOR**
**JOINT ADMINISTRATION OF CHAPTER 11 CASES**

        CSS Fabrication, Inc., the above-captioned Debtor and Debtor-in-Possession

("FAB") hereby moves the Court for the entry of an order pursuant to Fed.R.Bank.Proc.

1015(b) that: (i) direct the joint administration of the Chapter 11 case with that of

Clement Support Services, Inc., ("CSS") case number 15-50794 MEH (FAB and CSS are

collectively referred to as the "Debtors") for procedural purposes only, and (ii) granting

certain related relief.  In support of this Motion, the Debtor respectfully represents as

follows:

        1.        On March 10, 2015, CSS filed a voluntary petition under Chapter 11.  No

trustee has been appointed and CSS remains a debtor-in-possession.

        2.        On March 10, 2015, FAB filed a voluntary petition under Chapter 11 and

MOTION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES

assigned case number 15-50795 ("FAB Bankruptcy Case"). On March 11, 2015, the Court entered an order transferring the FAB Bankruptcy Case to Judge Hammond. No trustee has been appointed and FAB remains a debtor-in-possession.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

4. FAB and CSS are related entities. The CSS bankruptcy case was filed as a related case to CSS pursuant to BLR 1015-1 and a notice of related cases was promptly filed in both cases.

5. FAB was founded in 2009 by some of the founders of CSS, which began business in 1990. FAB was founded to fill a void left when one of CSS's manufacturers went out of business. FAB fabricates special supports for roof applications, and bridge work as well as wastewater treatment plants.

6. CSS is engaged in, amount other things, the business of providing goods and services in the plumbing and mechanical industries, including providing expertise in seismic bracing and support of piping systems.

7. FAB and CSS are separate entities, with separate business models, while sharing some overhead and senior management. By way of example, Mrs. Michelle Clement, as Trustee of the family trust, is the President of FAB. Mrs. Clement, as Trustee of the family trust, is 100% shareholder of FAB. Mr. Anthony Clement, as a Trustee of his family trust, is the President of CSS and Vice-President of FAB. Mr. Clement, as a Trustee of his family trust, is 100% shareholder of CSS.

8. FAB and CSS are co-borrowers in connection with a secured term loan and line of credit obtained from Avid ("Avid") for business operations. The assets of both FAB and CSS are pledged as collateral of Avid pursuant to those loan agreements.

9. The Debtors have pending before this Court virtually identical motions to approve stipulations for use of cash collateral with their secured creditor Avid.

10. The Debtors request joint administration of their bankruptcy cases. Among other things, joint administration of these Chapter 11 cases will permit the Clerk

2

MOTION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES

LAW OFFICES of
JON G. BROOKS
1900 The Alameda, Suite 520
San Jose, California 95126

1    of the Court to utilize a single general docket for the cases.  The Debtors envision that

2    numerous notices, applications, motions, hearings and orders in these cases will affect

3    both Debtors.  Joint administration will eliminate the need to prepare and file virtually

4    identical pleadings whenever Court approval is sought on matters which affect both

5    Debtors (such as the cash collateral motions, anticipated sale motion, etc.).  Service of a

6    single motion, instead of service of two otherwise identical motions, is also less

7    confusing to creditors and will reduce the burden upon the Court and the Bankruptcy

8    Estates.

9            11.    Joint administration will not prejudice the creditors of either FAB or CSS.

10   The books and records are sufficient to allow preparation of separate financial statements

11   if it would serve a constructive purpose.  Further, the substantial reduction in

12   administrative expense that joint administration will provide will be of significant benefit

13   to creditors of both cases.

14           12.    The Debtors request that a notice, substantially similar to that attached

15   hereto as Exhibit "A" be sent to all creditors and be filed in each of the Debtors' cases.

16   Once jointly administered, the Debtors propose to file pleadings only in the CSS case,

17   except insofar as (i) pleadings related to the filing of bankruptcy schedules, statement of

18   financial affairs and other initial pleading requirements and amendments thereto which

19   will be filed in the particular affected case; and (ii) the Debtors shall separately file and

20   serve monthly operating reports (pending agreement of the U.S. Trustee).

21           13.    The Debtors further request that the following procedures be approved to

22   aid in the administration of these cases.  First, that the Court authorizes the Clerk to

23   maintain a joint pleadings docket under the case number assigned to CSS.  Second, the

24   Debtors request that the Court approve the use of a combined caption and that the

25   Debtors and other parties be authorized to combine notices to the Debtors' creditors.

26   Third, the Debtors further request authorization for joint handling of all other

27   administrative matters as appropriate.

28           14.    Relief requested herein is limited to joint administration.  Nothing

MOTION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES

contained in this Motion is intended to compel substantive consolidation of the Debtors'

estates at this time.  The requested relief will not prejudice any entity's substantive rights.

If substantive consolidation of the estates is later warranted, the Debtors will move the

Court separately for such relief by motion or pursuant to a proposed Chapter 11 plan.

15.     Joint administration is an administrative and procedural device.  See

generally, <u>Reider v. FDIC (In re Reider)</u>, 31 F.3d 1102, 1109 (11th Cir. 1994).  It is

distinct from substantive consolidation, and does not involve the substantive rights of

creditors of the estate.  See <u>Id.</u>, FRBP 1015.

16.     As set forth in Collier on Bankruptcy, an order authorizing joint

administration contemplates the following relief:
> (1) combining the estates by using a single docket for administrative matters,
> including a listing of claims filed and the filing, lodging and docketing of
> pleadings and orders;
> (2) the combining of notices to creditors and parties in interest;
> (3) the scheduling of hearings;
> (4) joint financial reporting by the debtors;
> (5) the joint and several liability of the estates for administrative expenses; and,
> (6) the joint handling of other administrative matters.

See <u>Collier on Bankruptcy</u>, Forms 8.92-1, 8.92-4 and 8.92-5 reprinted in Collier on

Bankruptcy (15th ed. Rev. 2001), FRBP 1015, Advisory Committee Note (1983).

WHEREFORE, the Debtors respectfully request that the Court enter an order

providing:

A.     That the Chapter 11 cases of Clement Support Services, Inc. and CSS

Fabrication, Inc. be jointly administered pursuant to FRBP 1015(b) with

Clement Support Services, Inc. designated as the lead case.

B.     Joint administration of the cases shall include, without limitation, the

following:

(i) use of a single docket in Clement Support Services, Inc. for

administrative matters, particularly the filing, lodging and docketing of

LAW OFFICES of
JON G. BROOKS
1900 The Alameda, Suite 520
San Jose, California 95126

MOTION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES

Case: 15-50795   Doc# 15   Filed: 03/11/15   Entered: 03/11/15 19:27:14   Page 4 of 5

LAW OFFICES of
JON G. BROOKS
1900 The Alameda, Suite 520
San Jose, California 95126

1    pleadings and orders, except that (1) the filing of bankruptcy schedules,

2    statement of financial affairs and other initial pleading requirements and

3    amendments which will be filed in the particular affected case, and (2)

4    the Debtors shall separately file and serve monthly operating reports;

5    (ii) combined notices to creditors and parties in interest;

6    (iii) combined schedule of hearings;

7    (iv) The use of a combined caption, in the form of the caption attached

8    hereto as Exhibit "A"; and

9    (v) the joint handling of other administrative matters.

10    C.    Notice of joint administration of the estates shall be separately filed and

11    docketed in each of the Debtors' cases and shall be served on all creditors

12    and parties-in-interest in each case substantially in the form of the

13    proposed notice attached hereto as Exhibit "A"; and,

14    D.    For such other relief as the Court deems just and proper.

15

16    Date: March 11, 2015            LAW OFFICES OF JON G. BROOKS

17                                /s/  Jon G. Brooks

18                                JON G. BROOKS
                                  Proposed Attorney for Debtor and
                                  Debtor-in-Possession, CSS Fabrication, Inc.

19

20

21

22

23

24

25

26

27

28

MOTION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES